PATRICIA DOYLE-KOSSICK, P.L.C.
4500 South Lakeshore Drive, Suite 320
Tempe, Arizona 85282-7190
Telephone: (480) 222-0291
Fax: (480) 222-0271
email: pdk@pdklawfirm.com
Patricia Doyle-Kossick, 010217
Attorneys for JPMorgan Chase Bank, N.A.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **In Re:** | **Proceedings In Chapter 13** |
| **KRISTOFFER G. PORTER AND PAULA M. PORTER,** | **No. 2:19-bk-12413 BMW** |
| **Debtors.** | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

JPMorgan Chase Bank, N.A., a secured creditor in the above captioned matter (hereinafter "Chase"), by and through its attorneys, Patricia Doyle-Kossick, P.L.C., herewith submits its objection to the Chapter 13 plan on the grounds that it fails to meet the statutory requirements set out in § 1325 of the United States Bankruptcy Code.

Chase is the owner and holder of a purchase money security agreement covering collateral described as:

    2015 Dodge Journey, VIN 3C4PDCAB6FT614552.

True, correct and redacted copies of the Retail Installment Sale Contract/Purchase Money Security Agreement and Arizona Electronic Lien and Title evidencing Chase's first, valid, prior and perfected security interest and lien upon the collateral are attached hereto as Exhibits "A" and "B" and are incorporated herein by reference. The balance due and owing to Chase as of the date of the bankruptcy filing was $14,064.36, plus accrued and accruing interest at the rate of 11.740% per annum. Monthly payments on this account are $496.94.

**The Secured Property is Undervalued.**

Pursuant to 11 U.S.C §1325(a)(5)(B)(ii) with respect to allowed secured claims, if the claimant does not accept the plan then the plan must provide that the value to "be distributed under the plan on account of such claim is not less than the allowed amount of such claim; . . ." For personal property securing an allowed claim, when the loan is not protected by the 910 day rule, the allowed amount or value of the property to be distributed under the plan shall be the "replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing." 11 U.S.C. §506(a)(2). This is the cost to the Debtors to replace the collateral, or the replacement/retail value of the collateral.

The Debtors' plan provides to pay Chase a secured claim of $8,000.00. Chase submits that the Debtors have undervalued this collateral. The true retail/replacement value of the collateral is no less than $10,300.00. See Exhibit "C" attached hereto and incorporated herein which is a true and correct copy of the Kelley Blue Book retail value as of November 19, 2019. This KBB also takes into consideration the Debtors' mileage estimate. Obviously on the date of the bankruptcy filing, September 29, 2019, the property would have had a greater value.

Chase's collateral had a replacement value of at least $10,300.00 at the time of the filing and consequently Chase must be paid this replacement value of the collateral inside the plan as the secured claim.

**Chase is entitled to a Reasonable Rate of Return on the Secured Claim**.

The Debtors' chapter 13 plan provides for interest of 6.00% on Chase's claim. Section 1325(a)(5)(B)(ii) of the United States Bankruptcy Code provides that interest payments must be made to secured creditors when secured claims are paid under a Chapter 13 plan and stretched out and paid over time. Without interest the secured creditor will not be paid the present value of the claim, but rather an amount less than the claim amount. *Till v. SCS Credit Corp.,* 541 U.S. 465 (2004). The prime rate of interest plus a risk adjustment is typically used by the Courts. The Debtors must amend the plan to pay a reasonable rate of interest on the secured

claim. Chase will accept the rate of 7.00% as a reasonable rate of return, which is 2.0 points over the prime rate of interest as of the date of the bankruptcy filing.

Chase will accept the adequate protection offered in the plan of $150 per month.

**WHEREFORE**, JPMorgan Chase Bank, N.A., respectfully requests that the Chapter 13 plan as proposed be denied confirmation.

**RESPECTFULLY SUBMITTED** this 20th day of November, 2019.

PATRICIA DOYLE-KOSSICK, P.L.C.

/s/ *Patricia Doyle-Kossick* SBN 010217
PATRICIA DOYLE-KOSSICK
Attorney for JPMorgan Chase Bank, N.A.

Copy of the foregoing mailed
the 20th day of November, 2019 to:

Thomas Adams McAvity
Phoenix Fresh Start Bankruptcy Attorneys
4602 E. Thomas Road, Suite S-9
Phoenix, AZ 85018

Kristoffer G. Porter
Paula M. Porter
5926 E. Campo Bello Drive
Scottsdale, AZ 85254

Russell Brown
3838 N. Central Avenue, Suite 800
Phoenix, AZ 85012-1965

*/s/ Patricia Doyle-Kossick*